## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALANTOS PHARMACEUTICALS HOLDING, INC. )<br>One Amgen Center Drive )<br>Thousand Oaks, CA 91320 )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>HON. David J. Kappos )<br>Under Secretary of Commerce for Intellectual )<br>Property and Director of the United States Patent and )<br>Trademark Office )<br>Office of General Counsel, )<br>United States Patent and Trademark Office )<br>P.O. Box 15667, Arlington, VA 22215 )<br>Madison Building East, Rm. 10B20 )<br>600 Dulany Street, Alexandria, VA 22314 )<br> )<br>Defendant. )<br> )<br> ) | Case No._____ |

## COMPLAINT

Plaintiff, Alantos Pharmaceuticals Holding, Inc. ("Alantos"), for its complaint against the

Honorable David J. Kappos, states as follows:

## NATURE OF THE ACTION

1.     This is an action by the assignee of United States Patent No. 7,553,861 B2 ("the

'861 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term

adjustment for the '861 patent be changed from 622 days to at least 692 days.

2.     This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act,

5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction to hear this action and is authorized to issue the relief

sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and

5 U.S.C. §§ 701-706.

4.     Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5.     This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6.     Plaintiff Alantos, a wholly owned subsidiary of Amgen Inc., is a corporation

organized under the laws of Delaware, having a principal place of business at One Amgen Center

Drive, Thousand Oaks, CA 91320.

7.     Defendant David J. Kappos is the Under Secretary of Commerce for Intellectual

Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his

official capacity.  The Director is the head of the agency, charged by statute with providing

management supervision for the PTO and for the issuance of patents.  The Director is the official

responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8.     Heiko Kroth, Tim Feuerstein, and Arthur Taveras are the inventors of U.S. patent

application number 11/409,481 ("the '481 application") entitled "Dipeptidyl Peptidase-IV

Inhibitors," which was issued as the '861 patent on June 30, 2009.  The '861 patent claims

compounds, pharmaceutical compositions, and methods of treating type-2 diabetes.  The '861

patent is attached as Exhibit A.

9.     Plaintiff Alantos is the assignee of the '861 patent, as evidenced by the

assignment documents recorded in the PTO.

10.     Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b).

11.     35 U.S.C. § 154(b)(3)(B) states that "the Director shall - (i) make a determination of the period of any patent term adjustment under this subsection, and shall transmit a notice of that determination with the written notice of allowance of the application . . . and (ii) provide the applicant one opportunity to request reconsideration of any patent term adjustment determination made by the Director."

12.     In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

13.     Plaintiff Alantos received a Determination of Patent Term Adjustment with the Notice of Allowance and Fee(s) Due mailed from the PTO on March 23, 2009, advising that the '481 application was entitled to 622 days of patent term adjustment.

14.     The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '861 patent reflecting that the patent is extended or adjusted under 35 U.S.C. § 154(b) by 622 days.

15.     Plaintiff Alantos filed a timely Request for Reconsideration of Patent Term Adjustment Under 37 C.F.R. § 1.705(d) with the PTO on August 20, 2009, within two months of the issue date of the patent pursuant to 37 C.F.R. § 1.705(d), indicating that the '861 patent is entitled to a total patent term adjustment of 692 days.

16.     The Office mailed a Decision Dismissing Request for Reconsideration of Patent Term Adjustment on December 9, 2009.  In that Decision the Office stated that no change will be made to the patent term adjustment of 622 days.

17.     35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent.  Chapter 7 of title 5 shall apply to such an action."

## CLAIM FOR RELIEF

18.     The allegations of paragraphs 1-17 are incorporated in this claim for relief as if fully set forth.

19.     The patent term adjustment for the '861 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '861 patent, is 622 days.  (*See* Ex. A at 1.)  The determination of this 622 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred before the date that was three years after the actual filing date of the '481 application, pursuant to 35 U.S.C. § 154(b)(1)(A).  The correct patent term adjustment for the '861 patent is at least 692 days.

20.     The '481 application was filed on April 21, 2006, and issued as the '861 patent on June 30, 2009.

21.     Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 622 days.

22.     Under 35 U.S.C. § 154(b)(1)(B), the number of days between the date that was three years after the actual filing date of the '481 application (*i.e.*, April 21, 2009) and the date that the '861 patent was granted (*i.e.*, June 30, 2009) ("B Delay") is 70 days.

23.     Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 0 days.

24.     35 U.S.C. § 154(b)(2)(A) provides that "[t]o the extent that periods of delay attributable to grounds specified in paragraph [b](1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '861 patent (*i.e.*, the period of "A Delay" that occurred between April 21, 2009, and June 30, 2009) is 0 days.

25.     The '861 patent is not subject to a disclaimer of term. Thus the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

26.     Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (622 + 70 = 692 days). This number is not reduced by any days of applicant delay or overlap days in this case.

27.     The Director erred in the determination of patent term adjustment by treating the "period of delay" for "B Delay" for purposes of identifying "overlap" under 35 U.S.C. § 154(b)(2)(A), as running from the filing date of the patent application rather than beginning when the PTO has failed to issue a patent within three years. Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 70 days, rather than the correct number of 0 days, and arrived at a net patent term adjustment of 622 days.

28.     In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '861 patent is properly determined to be 692 days, as set forth above.

29.     The Director's determination that the '861 patent is entitled to only 622 days of

patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that

this Court enter Orders:

A.     Changing the period of patent term adjustment for the '861 patent term from 622

days to 692 days and requiring the Director to extend the term of the '861 patent to reflect the

692 day patent term adjustment.

B.     Granting such other and future relief as the nature of the case may admit or

require and as may be just and equitable.

Dated: December 23, 2009                    Respectfully submitted,

Kenneth J. Meyers, Bar No. 106443
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

**Of Counsel:**
Scott M. K. Lee, Bar No. 502437
FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

Attorneys for Plaintiff
ALANTOS PHARMACEUTICALS HOLDING,
INC.